IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 22-11118-JJ

_____

In Re: WILLIAM W. COLE, JR.,

                                                   Debtor.

_____

PRN REAL ESTATE & INVESTMENTS, LTD.,

                                                   Plaintiff - Appellant,

versus

WILLIAM W. COLE, JR.,

                                                   Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

ORDER:

       In Count III of its Third Amended Complaint, PRN alleges that, when William W. Cole, Jr. ("Bill Cole") caused Cole of Orlando LP to transfer assets to Bill and Terre Cole's tenancy by the entireties, Bill Cole "obtained debts owed to PRN" by Cole of Orlando under the Cole of Orlando Douglasville Guarantee and the Cole of Orlando RANC Guarantee. App'x A-2, ¶ 103.

       In paragraph 73 of its statement of facts, PRN alleges that it sued jointly and severally "Cole of Orlando, among others" in state court to recover equitable contribution related to PRN's payment to SunTrust under the Douglasville and RANC Notes. While PRN's complaint in this case does not name the other guarantors, Counts IV and V of the state court complaint name Bill Cole and Terre Cole individually as guarantors of the Douglasville and RANC notes—distinct from, and in addition to, Cole of Orlando. *See PRN Real Estate & Investments, Ltd., et. al v. William W. Cole, Jr., et. al*, Case No. 2014-CA-011835-O (9th Jud. Cir., Orange Co. FL); *see also* Doc. 4-231 (Bill and Terre Cole's personal guaranty of the Douglasville Note); Doc. 4-242 (Bill and Terre Cole's personal guaranty of the RANC Note).

The parties are directed to submit supplemental briefing on these questions, which are related to the above allegations:

(1) Did Bill Cole (individually) become liable for Cole of Orlando's debt to PRN as a co-guarantor of the Douglasville Note or the RANC Note prior to the transfers described in paragraphs 74-80 of PRN's Third Amended Complaint? If yes, explain how and when Cole became personally liable for Cole of Orlando's debt.

(2) Does Florida or Nevada law apply to Count III?

(3) If PRN proved alter ego liability as pleaded in Count III, identify the point in time that the applicable State's law would consider Bill Cole to have incurred a new debt for assets obtained via the fraudulent transfer. Address principles of double recovery, including the potential impact of Cole's status as co-guarantor on the underlying Douglasville and RANC Notes, which formed the basis for Cole of Orlando's alleged debt to PRN. *See In re Gaddy*, 977 F.3d 1051, 1060 (11th Cir. 2020) (concluding that Alabama law did not support a separate "fraudulent transfer debt" against the transferor where creditor "complained only that the transfers kept it from collecting the underlying debt"). Answer this question under Florida law and Nevada law.

(4) Has PRN alleged that the dissolution of Cole of Orlando was done with the actual intent to hinder, delay, or defraud PRN as a creditor of Cole of Orlando, rather than as a creditor of Cole individually? *See* Fraudulent Transfer Action (Docket No. 17-ap-00112) Doc. 92 at 11 ("No fraud occurred in closing [Cole of Orlando]. And, had Cole transferred the monies into non-exempt Florida accounts when he dissolved Cole of Orlando, the Trustee would have no claim."); *see also* Third Amended Complaint ¶ 101 (alleging that Cole hindered collection efforts by converting Cole of Orlando's assets to exempt assets). Is such an allegation necessary to support PRN's claim that Cole incurred a separate debt to PRN by interfering with its ability to collect from Cole of Orlando?

The parties' supplemental letter briefs are limited to 20 pages and are due within 21 days of this order. The parties should cite the record for all exhibits, but they may also attach the exhibits to their briefs without counting against their 20-page limit.

DAVID J. SMITH<br>
Clerk of the United States Court of<br>
Appeals for the Eleventh Circuit

ENTERED FOR THE COURT - BY DIRECTION